Roger ZACZEK, Plaintiff,

v.

Mr. HUBER, Records Dept., Defendant.

Civ. A. No. 77-0291.

United States District Court,
W. D. Virginia,
Abingdon Division.

Aug. 24, 1977.

Roger Zaczek, pro se.

John W. MacIlroy, Asst. Atty. Gen., Comm. of Virginia, Richmond, Va., for defendant.

## ORDER

GLEN M. WILLIAMS, District Judge.

The plaintiff, Roger Zaczek, has commenced this action under 42 U.S.C. § 1983 alleging that the Institutional Adjustment Committee at Bland Correctional Center violated his constitutional rights. The defendants have responded by filing a motion for summary judgment supported by affidavits with enclosures. The case is presently before this court for a ruling on this motion.

In his complaint, plaintiff alleges that the following grounds warrant relief:

(1) that plaintiff was not afforded due process of questioning witnesses;

(2) that plaintiff was denied the right to present evidence on his own behalf;

(3) that there was not sufficient evidence presented to the Institutional Adjustment Committee to support the alleged offense.

The facts of this case can be summarized as follows:

On October 19, 1976, plaintiff was found guilty for escape from Dickenson County jail and was given a one-year concurrent sentence. On May 24, 1977, as a result of his conviction for escape, inmate Zaczek was referred to the Institutional Adjustment Committee by Judith H. Mustard, Records Custodian at Bland Correctional Center, for possible loss of accumulated

"good time" in accordance with Section 53–227 of the Code of Virginia. On June 2, 1977, Zaczek was summoned and given a standard hearing with full advisement of his rights in connection with the disciplinary process. The uncontested affidavits show that Zaczek had initially indicated he desired to call another inmate as a witness at the hearing. Zaczek subsequently chose not to call any witnesses. Zaczek was allowed to question Ms. Mustard, regarding the evidence against him. Ms. Mustard presented institutional records of his escape conviction. Zaczek was also permitted to enter into evidence his own materials for defensive purposes. The Institutional Adjustment Committee hearing in this case was in reality, a formality as the Code of Virginia dictated what course of action must follow an escape conviction. The Institutional Adjustment Committee complied with the statute and erased all of Zaczek's accumulated good conduct time up to the date of his escape, stated as November 30, 1975. Consequently, Zaczek lost two months and nine days of good time and his discharge date was re-computed to August 10, 1981.

■■■■ After reviewing the evidence of record, the court concludes that plaintiff has failed to set forth a cognizable claim of a violation of his constitutional rights under 42 U.S.C. § 1983. To the extent that the plaintiff seeks restoration of good conduct credit, the appropriate remedy is a writ of habeas corpus, not Section 1983. *Preiser v. Rodriguez,* 411 U.S. 475, 487, 489–90, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). The issue of good time credits challenges the duration of confinement rather than the conditions of confinement. A condition precedent to invocation of federal judicial relief under the habeas corpus laws is the exhaustion of adequate state remedies. "The strong considerations of comity that require giving a state court system that has convicted a defendant the first opportunity to correct its own errors thus also require giving the States the first opportunity to correct the errors made in the internal administration of their prisons." *Preiser v. Rodriguez,* 411 U.S. at 492, 93 S.Ct. at 1837. *See also*

*Kirby v. Blackledge,* 530 F.2d 583 (4th Cir. 1976).

■■■ In the case of the damages claim, habeas corpus is not an appropriate or available federal remedy. However, the damages claim can be brought by inmate Zaczek under 42 U.S.C. § 1983 in federal court without any requirement of prior exhaustion of state remedies. Thus, this court may consider, as to the damages claim, whether the petitioner's constitutional rights have been violated by the Institutional Adjustment Committee. In light of the procedural safeguards mandated in *Wolff v. McDonnell,* 418 U.S. 539, 563, 94 S.Ct. 2963, 41 L.Ed.2d 935 (1974) and the mandatory provisions of Section 53–227 of the Code of Virginia (1950), as amended, the court is of the opinion that the plaintiff's constitutional rights have not been violated during the proceedings regarding his escape and the subsequent loss of good conduct time.

Pursuant to Section 53–227 of the Code of Virginia (1950), as amended, "In case a prisoner attempts to escape, escapes or leaves without permission, any state correctional institution he shall, upon being recaptured or taken, lose all his accumulated good conduct allowance." The plaintiff, Zaczek, had been convicted at a trial for escape. The plaintiff was not deprived of any constitutional rights at this trial. In fact, the plaintiff was accorded more procedural safeguards than are required by *Wolff v. McDonnell,* 418 U.S., at 563, 94 S.Ct. 2963. Plaintiff at this trial had the opportunity to present and contest evidence. The revocation of the petitioner's good time is an integral statutory provision to the crime of escape.

■■■ And in accordance with the perfectly valid escape conviction and the statutory directive, the Institutional Adjustment Committee had sufficient reason to revoke the accumulated good time of the plaintiff. Moreover, the court will not stand as a reviewing agency of the ultimate findings of fact made by the Institutional Adjustment Committee. *Woodward v. Mills,* No. 74–2088 (4th Cir. 1976).

Accordingly, the court orders that defendant's motion for summary judgment be granted, dismissing the complaint and denying relief to the plaintiff.