**Jasper Land HOLLAND, Jr., Petitioner,**

v.

**Terrell Don HUTTO et al., Respondents.**

**Civ. A. No. 78–0022.**

United States District Court,
W. D. Virginia,
Abingdon Division.

May 10, 1978.

(3) that the denial of said remarriage request violated his due process rights; and

(4) that his Sixth Amendment rights were violated in that material of damaging nature was used as a basis for the denial and were not presented to him.

Each of these four allegations regarding petitioner's rights are paralleled by claims concerning identical violations of his ex-wife's rights. The court finds that petitioner's ex-wife is not a party to this action, and therefore has no standing. Accordingly, all legal claims asserted by petitioner on his ex-wife's behalf are hereby dismissed.

Division of Adult Services Guideline 891 deals with the approval of marriages for inmates. "The inmate must demonstrate the need to be married while incarcerated rather than waiting for discharge or parole." Guideline 891, III.

An inmate must go through certain procedures if he desires to marry. First, a written marriage request is sent to the superintendent. The inmate's record is investigated. If the superintendent, after consulting with the institutional chaplain, approves the request, he will make a recommendation in writing to the Director of the Division of Adult Services. If the request to marry is approved on this second level, then it is forwarded to the Director of the Department of Corrections who has final authority to approve or disapprove all requests for marriage submitted by the Director of the Division of Adult Services. The Director of the Department of Corrections judges "each case on its individual merits taking into account the parties, their relationship prior to incarceration, their financial assets, the public interest, and all other pertinent considerations. The decision of the Director shall be final . . . ."

In the instant matter Holland's request to marry was approved by all parties until it reached the Director of the Department of Corrections where it was denied. As stated above, Mr. T. D. Hutto, Director of the Department of Corrections has final authority on the matter pursuant to Guideline 891.

Terrell Don Hutto, pro se.

James T. Moore, Asst. Atty. Gen., Commonwealth of Virginia, Richmond, Va., for petitioner.

## OPINION AND ORDER

WILLIAMS, District Judge.

The petitioner, Jasper Land Holland, an inmate at the Bland Correctional Center ("Bland") brings this action pursuant to 42 U.S.C. § 1983. Holland alleges:

(1) that respondents have violated his First Amendment right to associate with persons of his own choosing;

(2) that the refusal of petitioner's request to remarry violated his Fifth Amendment rights as it was arbitrary and capricious;

In his complaint, petitioner states that his request for remarriage was based on a desire of both parties to "establish a family while there was still some small chance of reasonably expecting to do so by normal means, as opposed to artificial insemination." Petitioner states that Laurie Holland's "oppurtunities [sic] to bear children" were lessening every day due to surgery which "reduced her chances of . . . becoming pregnant by more than 50%". It should be noted that Laurie Holland and the petitioner had been previously married, but had since divorced.

Petitioner was notified that Mr. Hutto denied the request for a number of reasons, including "the length of time before parole eligibility and possible maximum discharge, the distance between [Holland's] location and Ms. Holland's place of residence and [Holland's] previous indecision regarding consummation of the marriage" which is "not indicative of a stable relationship." Respondent Hutto also recognized that petitioner's marriage request was "based in part upon his wish to impregnate" Laurie Holland. However, Mr. Hutto stated physical contact between the two was "not likely in the near future and artificial insemination has previously been denied."

This court is mindful of the fact that prison officials have a legitimate concern in the effects of a marriage on an inmate. In consideration of all requests for marriage, the Department of Corrections feels that a marriage can be harmful as well as helpful in preparation of the release of offenders into the community.

■ First, Holland contends that the denial of his request deprived him his right to association guaranteed by the First Amendment to the Constitution of the United States. However, an inmate retains only those First Amendment rights that do not infringe on the legitimate penological objectives of the corrections system. *See, Pell v. Procunier*, 417 U.S. 817, 822, 94 S.Ct. 2800, 41 L.Ed.2d 495 (1974). The right of association is protected by the First Amendment outside of the institution; however, this right is necessarily curtailed when one is confined. *See, Jones v. North Carolina Prisoners' Union*, 433 U.S. 119, 125, 97 S.Ct. 2532, 53 L.Ed.2d 629 (1977). This court finds the guidelines of the correctional system in this matter to be consistent with legitimate penal objectives. Thus, the petitioner has failed to state a claim of constitutional magnitude in this regard.

■ Respondent Hutto's reasons for denying petitioner's request to (re)marry Laurie Holland, accounting for petitioner's claims of inaccurate information, are related to the aforementioned legitimate guidelines. Petitioner Holland in his complaint states that a major factor in his desire to remarry Laurie Holland is to have children by her. Inmate Holland further stated that his former wife's ability to bear children was diminishing daily. Thus, the request denial due to the lack of physical contact that was likely to occur between the parties is related to petitioner's reasons for remarrying. Furthermore, the fact that petitioner had previously divorced the same woman does demonstrate indecision regarding the consummation of the marriage and does not indicate a stable relationship. Respondent Hutto's experience in these matters led him to believe that a remarriage was not compatible with the welfare of the inmate. As the reasons for the Director of the Department of Corrections decision were not arbitrary or capricious the petitioner's claim regarding the violation of his Fifth Amendment rights is also without merit.

Holland's third and fourth claims both deal with his right to due process during consideration of his request to marry. He states that his due process rights were violated by the request denial and that the denial was based upon information which was not presented to him. First, the court finds that the petitioner's request was considered fairly. However, the court does not believe that consideration of marriage requests need afford the inmate the full panoply of procedural rights guaranteed in a full-blown trial. There are many cases which deal with the process due a prisoner in certain situations. In *Wolff v. McDonnell*, 418 U.S. 539, 94 S.Ct. 2963, 41 L.Ed.2d

935 (1974), the Supreme Court of the United States mandated certain procedural safeguards when good-time credits or solitary confinement is at issue. Nonetheless, federal courts do not serve as a reviewing body over the accuracy of disciplinary committees' findings of fact. *Zaczek v. Huber*, 437 F.Supp. 402 (W.D.Va.1977). And when solitary confinement or loss of good-time credits are not at stake the Court in *Wolff* did not indicate what process, if any, was due.

There is no right to procedural due process when an emergency "lock-up" is imposed, absent bad faith. The underlying decision must be deemed to be within the expertise and discretion of prison authorities. *LaBatt v. Twomey*, 513 F.2d 641 (7th Cir. 1975). Also, a prisoner is not entitled to a hearing when transferred to a less favorable prison. *Meachum v. Fano*, 427 U.S. 215, 96 S.Ct. 2532, 49 L.Ed.2d 451 (1976). Nor is a prisoner entitled to due process when he is reclassified to maximum security status. *Cooper v. Riddle*, 540 F.2d 731 (4th Cir. 1976). In view of these constructions of the due process rights of prisoners which involve more severe circumstances than the instant matter, this court finds that petitioner's contentions regarding his right to procedural due process for requests to marry are without foundation.

For the reasons stated, the court finds that Holland's First Amendment associational rights have not been violated. Nor was the refusal of the marriage request arbitrary or capricious. And his third and fourth contentions are without merit since the court does not find that procedural due process need be afforded to a prisoner in such matters. Accordingly, the court grants respondents' motion for summary judgment, and this action is hereby ordered dismissed and stricken from the docket.

The Clerk is directed to send certified copies of this Opinion and Order to petitioner and to counsel for respondents.